UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINICK PEREIRA and ANITA PEREIRA,

                Plaintiffs,

      -against-

OCWEN LOAN SERVICING, LLC,

                Defendant.
------------------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
11-CV-2672 (SJF)(ETB)

On June 3, 2011, plaintiffs Dominick Pereira and Anita Pereira ("plaintiffs") commenced this action against defendant Ocwen Loan Servicing, LLC ("defendant" or "Ocwen"), alleging, inter alia, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Complaint [Docket Entry No. 1] at ¶¶ 27-55. On October 12, 2011, defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 10].

Before the Court is the Report and Recommendation of Magistrate Judge E. Thomas Boyle, dated March 12, 2012 (the "Report"), recommending that defendant's motion to dismiss be granted in part and denied in part. [Docket Entry No. 13]. The Court adopts the Report to the extent indicated below.

1

I. Discussion

    A. Standards of Review

        1. Review of a Magistrate's Report and Recommendation

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        2. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949

(quoting Twombly, 550 U.S. at 557).

In deciding a motion pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

B.  Defendant's Objections

Defendant objects to the Report on the following grounds: (1) that Ocwen is not a "debt collector" as that term is defined in the FDCPA, see Plaintiff's Objections [Docket Entry No. 14] ("Pl. Obj.") at 2-3; (2) that plaintiffs have failed to adequately allege a RESPA violation because they have not identified any damages, id. at 3-4; and (3) that plaintiffs have not alleged a breach of contract or a violation of New York State Banking Law Article 12-D because plaintiffs have not alleged "that the note was assigned to Ocwen," id. at 4-5. Insofar as defendant simply

3

reiterates the arguments from its motion to dismiss, the Report is reviewed for clear error. See Frankel, 2009 WL 465645, at *2.

C. Analysis

1. Ocwen as a "Debt Collector" Under the FDCPA

According to Ocwen, plaintiffs have not adequately alleged that it is a "debt collector" because "they do not allege that the loan was in default at the time the loan servicing was transferred to Ocwen." Pl. Obj. at 2-3; see also 15 U.S.C. § 1692(a)(6)(F)(iii) (exempting from the definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person"). Indeed, plaintiffs specifically allege their debt was *not* in default at the time the servicing rights were transferred to Ocwen. See, e.g., Compl. at ¶ 10 (Plaintiffs' "monthly payment for April, 2010, like all payments before it, had been timely paid in full."), ¶ 30 ("OCWEN is a third party debt collector attempting to collect a debt which it had determined (wrongly) was already in default at the time of the assignment.").

Significantly, however, plaintiffs also allege that Ocwen *believed* them to be in default at the time of assignment. See Compl. at ¶ 30. "A person collecting or attempting to collect a debt which was not in default at the time it was obtained by that person, but which that person *believed* was in default at that time, can also be a 'debt collector' under the FDCPA." Cyphers v. Litton Loan Servicing, LLP, 503 F.Supp.2d 547, 551 (N.D.N.Y. 2007) (emphasis in original) (citing Scholsser v. Fairbanks Capital Corp., 323 F.3d 534, 537-39 (7th Cir. 2003)). Thus, plaintiffs have adequately alleged that Ocwen was a "debt collector" for purposes of the FDCPA.

4

See Shugart v. Ocwen Loan Servicing, LLC, 747 F.Supp.2d 938, 942-43 (S.D. Ohio 2010) (defendant Ocwen could qualify as "debt collector" under FDCPA when it "treated Plaintiff's loan as if it were in default from the time it began to service the loan.").[1]

Accordingly, defendant's motion to dismiss the FDCPA claim is denied.

### 2. Damages Under RESPA

Next, Ocwen argues that plaintiffs have failed to "establish damages" under RESPA. Pl. Obj. at 3. The Report considered this argument and properly rejected it. Plaintiffs allege that Ocwen's actions have impaired their credit, leading to "an inability to borrow funds or to do so only at higher, prohibitive interest rates." Compl. at ¶ 59. These allegations are sufficient to plead damages under RESPA. See, e.g., Hutchinson v. Delaware Sav. Bank FSB, 410 F.Supp.2d 374, 383 (D.N.J. 2006); Cortez v. Keystone Bank, Inc., No. 98-2457, 2000 WL 536666, at *12 (E.D. Pa. May, 2, 2000). Accordingly, defendant's motion to dismiss the RESPA claim is denied.

### 3. Plaintiffs' Breach of Contract and Banking Law Article 12-D Claims

"In order to state a claim of breach of contract, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." Johnson v. Nextel Communications, Inc., 660 F.3d 131, 142 (2d Cir. 2011) (citing cases). Plaintiffs "may not assert a cause of action to recover

---

[1] Ocwen also implies that it cannot be a "debt collector" because it was "merely the servicer" of the loan. Pl. Obj. at 2. However, it cites no authority in support of that proposition, and the Court has found none.

damages for breach of contract against a party with whom it is not in privity." Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 215 (S.D.N.Y. 1997) (citing cases).

The complaint does not allege that a contractual relationship ever existed between plaintiffs and Ocwen; at most, plaintiffs allege that Ocwen became the servicer of their mortgage loan on April 16, 2010. See Compl. at ¶¶ 6, 9, 17, 42. For this reason, plaintiffs' breach of contract claim is dismissed. Cf. Shugart, 747 F.Supp.2d at 941-42 (dismissing breach of contract claim because plaintiff failed to allege contractual relationship with loan servicer).

Plaintiffs' claim under Article 12-D of the New York State Banking Law must also be dismissed because: (1) as discussed above, plaintiffs have not adequately alleged a breach of contract, and (2) plaintiffs have not alleged that Ocwen was a "licensee, registrant or exempt organization" as defined under the statute. See N.Y. Banking Law § 598(3) (providing for liquidated damages "against a licensee, registrant or exempt organization for breach of contract or agreement to make a mortgage loan . . . ."); see also Parejas v. Gen. Elec. Capital Svcs., No. 10-CV-3348, 2011 WL 2635778, at *4 (E.D.N.Y. July 5, 2011).

However, plaintiffs are granted leave to file an amended complaint correcting the deficiencies in their breach of contract and New York State Banking Law claims within fourteen (14) days of the date of this order. If plaintiffs fail to do so, these claims will be dismissed with prejudice.

Neither party has objected to the remainder of the Report, and I find that it is not clearly erroneous. If plaintiffs choose to file an amended complaint, they may also re-plead, in accordance with the recommendations of Magistrate Judge Boyle's Report, their claim pursuant to 3 N.Y.C.R.R. § 419 and their request for an accounting. If plaintiffs fail to do so, these claims

will also be dismissed with prejudice.

II.  Conclusion

For the foregoing reasons, Ocwen's motion to dismiss plaintiffs' FDCPA and RESPA claims are denied.  Although Ocwen's motion is granted with respect to plaintiffs' remaining claims, plaintiffs are granted leave to file an amended complaint within fourteen (14) days in accordance with this order.

A conference in this case is scheduled before the undersigned on **Thursday, May 10, 2012 at 11:15 a.m.**

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated:  April 18, 2012
Central Islip, New York